**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 16-7605

UNITED STATES OF AMERICA,

> Petitioner - Appellee,

> v.

JAMES DOW VANDIVERE,

> Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:15-hc-02017-D)

Submitted:  April 9, 2018                                        Decided:  July 5, 2018

Before TRAXLER, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, G. Norman Acker, III, Michael Bredenberg, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Dow Vandivere appeals from the district court's order and judgment committing him to the custody of the Attorney General pursuant to the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"), 18 U.S.C. § 4248 (2012), as a sexually dangerous person. Vandivere argues on appeal that the district court erred in denying his motion to dismiss the commitment proceeding because the Government certified him as sexually dangerous in violation of the plain language of the four-year, catch-all statute of limitations set forth at 28 U.S.C. § 1658(a) (2012).[*] The statute of limitations set forth in § 1658(a), however, does not apply to limit the time in which the Government must initiate a civil commitment proceeding under the Adam Walsh Act. *United States v. Searcy*, 880 F.3d 116, 124-25 (4th Cir. 2018). *Searcy* thus forecloses Vandivere's argument that the district court reversibly erred in denying his motion to dismiss.

Vandivere also has filed three pro se supplemental briefs and motions seeking leave to file his pro se briefs. We grant Vandivere's motions seeking leave to file and have considered all of the issues raised in his pro se briefs and conclude that they are without merit. We deny Vandivere's motion seeking leave to proceed pro se, to relieve appointed counsel, and to have this court consider the issues raised in the first two pro se

---

[*] We deem abandoned Vandivere's claim in the argument section of his opening brief asserting that the Government's delay in certifying him as sexually dangerous made it "virtually impossible" for him to defend himself. *See Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 n.7 (4th Cir. 2015).

briefs in place of those filed by counsel and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*